# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RODNEY MARSHALL,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 3:14-cv-170 |
| - vs - |  | District Judge Thomas M. Rose |
|  |  | Magistrate Judge Michael R. Merz |

RHONDA RICHARD, Warden,
 Madison Correctional Institution

|  |  |
|---|---|
|  | : |
| Respondent. |  |

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss, filed and served January 15, 2015 (Doc. No. 11). Petitioner was immediately notified of his obligation to respond (Doc. No. 12) and on February 9, 2015, was granted a two-month extension of time to do so (Notation Order of February 9, 2015). The extended time has now expired and Petitioner has failed to respond. The Motion to Dismiss is therefore ripe for decision without any response.

**Procedural History**

Marshall was indicted by the Montgomery County Grand Jury in 2008 on thirty-four theft-related charges. On September 23, 2008, as part of a plea agreement, he pled guilty to nineteen counts in exchange for dismissal of the balance with an agreed sentence of eight to twelve years. After rejecting Marshall's motion to withdraw his plea, the trial court sentenced

him to ten years imprisonment. *State v. Marshall,* 2009-Ohio-5746, 2009 Ohio App. LEXIS 4831 (2nd Dist. Oct. 30, 2009). Marshall did not appeal to the Ohio Supreme Court, but did file an application for reopening under Ohio R. App. P. 26(B) which the court of appeals denied and which Marshall again did not appeal to the Supreme Court of Ohio.

While the 26(B) proceeding was pending, Marshall filed a second motion to withdraw his guilty plea. The trial court denied the motion and Marshall did not appeal. Before that ruling, Marshall moved for resentencing. The trial court refused to void the first sentence, but did amend to make the terms of post-release control clear. The court of appeals found all Marshall's claims barred by *res judicata* and he did not appeal further.

Marshall filed a third motion to withdraw guilty plea on May 18, 2011. The trial court denied the motion but the court of appeals affirmed. *State v. Marshall,* 2013-Ohio-2018, 2013 Ohio App. LEXIS 1917 (2nd Dist. May 17, 2013). On November 6, 2013, the Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.

On May 7, 2014, Marshall filed the instant Petition, raising three grounds for relief:

> **Ground One:** Trial judges abused their discretion and authority by denying both a pre-sentence and a post-sentence motion to withdraw plea, while violating defendant's due process, while creating conflicts of interest by allowing conflicts of interest to exist, and showing acts of bias ultimately demonstrating a manifest injustice.
>
> **Ground Two:** The defendant's counselors were gravely insufficient. The guilty plea is void. It was coerced, unconstitutional, and it violates the defendant's due process.
> .
> **Ground Three:** Prosecutor misconduct and vindictive prosecution because of conflicts of interest violated defendant's constitutional rights.

(Petition, Doc. No. 2.)

# Analysis

The Warden asserts that the Petition is "mixed" in that it includes, among other things, two issues which were raised on direct appeal – the voluntariness of the guilty plea and the ineffective assistance of trial counsel – but never appealed further to the Ohio Supreme Court (Motion, Doc. No. 11, PageID 914-16).  The Warden further asserts these claims are unexhausted because Marshall has a remedy by way of motion for delayed direct appeal to the Ohio Supreme Court.  Conceding that court is unlikely to grant an appeal, Respondent nevertheless asserts this Court should allow that court to decide the issue for itself.  Finally, the Warden moves the Court to dismiss the Petition rather than grant a stay pending the delayed direct appeal.

### Relevant Case Law

The Warden relies on the several pieces of case law authority.  In *Cunningham v. Hudson*, 756 F. 3d 477 (6th Cir. 2014)(per curiam), a capital case, petitioner claimed juror bias based on evidence that at the time of the trial the jury foreperson had a relationship with the families of the murder victims and that this relationship impacted her impartiality.  The Sixth Circuit held

> [T]his claim of juror bias is not exhausted and is not procedurally defaulted because Cunningham may still raise this claim in a motion for a new trial or a second petition for post-conviction relief in the Ohio state courts. Because Cunningham presents this court with a mixed habeas petition containing exhausted and unexhausted claims, and because this claim of juror bias is "not plainly meritless," *Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir.2009) (quotation marks omitted), we vacate the district court's

> judgment and remand the petition to the district court to determine
> whether it is appropriate to stay-and-abey the petition while
> Cunningham returns to state court to exhaust this claim.

756 F.3d at 479. The court held it could not tell from the record whether Cunningham could

satisfy the requirements for a renewed motion for new trial.

> Given the inability to predict how the Ohio state courts would rule
> on such a motion, and because the determination of whether a
> habeas petitioner satisfies a state procedural requirement "is for the
> state court to make," *Wagner,* 581 F.3d at 419, we conclude that
> the state remedy of a motion for a new trial may still be available.

*Id*. at 483.

The court also held that Cunningham might be able to raise the juror bias claim in a

second post-conviction petition under Ohio Revised Code § 2953.23. *Id.* at 484. Uncertainty

arose both from the facts related to Cunningham's discovery of the claim and the uncertain Ohio

law on the question. In those circumstances, the court held:

> [I]t is for the Ohio courts, not this court, to determine whether
> Cunningham may bring this petition. *See Wagner,* 581 F.3d at 419
> (the determination of whether petitioner can satisfy a state
> procedural rule "is for the state court to make"); *Godbolt v.
> Russell,* 82 Fed.Appx. 447, 450 (6th Cir.2003) (holding that even
> though it was unlikely that petitioner met the requirements for a
> second post-conviction petition in Ohio, "it is for the state courts to
> interpret and enforce their laws on such issues").

*Id.* The court noted that a habeas petitioner is not required to exhaust "any and all remedies that

are potentially available to him in state court." *Id.* at 485, *quoting Clinkscale v. Carter*, 375

F.3d 430, 439 (6th Cir. 2004). However this particular claim had never been presented to the

state courts. *Id.* Having reached these conclusions, however, the Sixth Circuit did not dismiss

the claim either for lack of exhaustion or procedural default, but remanded to the district court

for a determination of whether the stay-and-abeyance procedure of *Rhines v. Weber*, 544 U.S.

269, 277-278 (2005), was appropriate.

The Warden also relies on *Wagner v. Smith*, 581 F.3d 410 (6th Cir. 2009), heavily cited in *Cunningham*. The court found that Wagner had failed to fairly present to the state courts a claim "that the prosecutor impermissibly injected unrelated murder evidence into Petitioner's trial"; a claim "that the prosecutor knowingly elicited false or perjured testimony from [a witness]"; or "a claim of ineffective assistance of counsel based on his counsel's failure to object to or exclude evidence of Petitioner's aliases and the 'evidence of crimes attached to those aliases.'" *Id.* at 417-18. The court further found Wagner could file "a post-conviction, post-direct-appeal motion for relief from his judgment of conviction." *Id.* at 419. The case was remanded to the district court which was said to have four options:

> When faced with this predicament in the past, we have ... remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines* [*v. Weber,* 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) ]; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528 ...; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528 ...; or (4) ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Id.* at 419, *quoting Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009).

In *Godbolt v. Russell*, 82 Fed. Appx. 447, 2003 U.S. App. LEXIS 23640 (6th Cir. 2003)(unpublished), the Sixth Circuit did announce the proposition for which the Warden cites it, to wit, "it is for the state courts to interpret and enforce their laws on such issues" as the availability of a state court remedy. *Id.* at 450. However, the Sixth Circuit concluded the district court should only have dismissed the unexhausted claims or stayed the case pending exhaustion. *Godbolt* was decided before *Rhines v. Weber*, but followed the same approach

5

which it had adopted in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), and later adopted in *Rhines*.

### Application

A dismissal here for lack of exhaustion would be a dismissal without prejudice. However, the AEDPA enacted a one-year statute of limitations for habeas corpus cases and that time is not tolled during the pendency of a habeas corpus case. *Duncan v. Walker,* 533 U.S. 167 (2001). Therefore the statute of limitations in this case expired, at the latest, on November 6, 2014. The instant Petition is thus timely, but a subsequent petition, filed after a decision on delayed direct appeal, would not be. Dismissing the entire petition now without prejudice would have the effect of barring any federal habeas review. It was to avoid precisely this result that the Supreme Court adopted the stay-and-abeyance procedure in *Rhines*.

The Court could deny the unexhausted claims if they were plainly meritless, but the Warden has not argued the merits of those claims. Marshall has not argued that the remedy of delayed direct appeal is somehow futile; indeed, he has made no response at all.

Ohio S. Ct. Prac. R. 7.01(A)(4), cited by the Warden, permits a person in Marshall's position to file a motion for delayed direct appeal. The Sixth Circuit has held that delayed direct appeal is an Ohio remedy which must be used in exhausting claims brought in habeas. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).

It is therefore respectfully recommended that the Warden's Motion to Dismiss be **DENIED**. If this recommendation is adopted, the Magistrate Judge will enter an order staying this case and ordering Marshall to file a motion for delayed direct appeal within a limited period

of time or face procedural default of the claims not appealed.


April 22, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).